IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RONALD HOWARD SIMPSON** | ) | |
| | ) | |
| **v.** | ) | 3-07-CV-660-P |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2241.

**Parties**: Petitioner is an inmate confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Lovelady, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Findings and Conclusions**: Simpson does not collaterally attack his conviction for murder in Cause No. F-79-07904-HD on which he is currently confined. Rather he seeks credit for an additional 52 days of "flat time" against his thirty year sentence. *See e.g.* Petitioner's objections filed July 6, 2007, at 5. In response to the petition Respondent filed his answer asserting that the relief requested is barred by limitations and in the alternative that the claim is without merit.

Although Petitioner's thirty year sentence was imposed in July 1979, his accumulated flat

time and credits do not yet equal thirty years as a result of Simpson's multiple parole violator warrants and parole revocations. *See e.g.* WR-39,174-02 at 013-14; 052-53. He is presently in custody follows his arrest on July 16, 2004, and the subsequent revocation of his parole. However, his petition relates to his arrest in Dadeville, Alabama, on September 12, 2003, on a prior parole violator's warrant which resulted in his incarceration from that date until November 12, 2003, when he was released on reinstated mandatory supervision. Specifically he claims that the calculation of the remainder of his sentence does not include credit for this period of confinement.

Simpson's petition is subject to the provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") which provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C.

2

§ 2244(d).[1]

An inmate may request information with respect to calculation of the time remaining on a criminal conviction by submitting a request. *See* WR 39,174-02 at 040. Therefore, between October 20, 2003 - when he was returned to TDCJ-ID's custody - and November 12, 2003, when his mandatory supervision was reinstated, Petitioner could have inquired as to whether he had received "flat time" for the period following his arrest on September 12, 2003. While it is perhaps understandable why he did not choose to pursue such an inquiry at that time, it is clear that through the exercise of due diligence, the means were available to determine how the period of incarceration in the fall of 2003 was being treated by TDCJ. Therefore, the one-year period began no later than November 12, 2003, when Simpson was re-released to mandatory supervision.[2] The date on which he finally made a request is not apparent, but Simpson states that he learned of the alleged incorrect calculation in January 2005. *See* Petitioner's objections filed on July 6, 2007, at 3-4. He did not initiate the required administrative process until March 15, 2005, *See* WR 39l174-02 at 026, more than 16 months after he could have learned of the disposition made of his 2003 confinement. Although § 2244(d)(2) tolls the one year limitation period while a state prisoner is seeking collateral relief in the state court system, it is well-settled that a state proceeding initiated after the one year period has elapsed has no effect. *See e.g. Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore his federal petition is time barred and should be dismissed absent equitable tolling.

---

[1] Since the petition does not collaterally attack his underlying conviction, § 2244(d)(1)(D) sets out the time frame for the 1-year limitation period.

[2] Following his arrest and recommitment on July 16, 2004, he could have again requested to be informed with respect to how the time spent in custody in 2003 was being treated in computing credits on his sentence.

3

Equitable tolling of the limitation period is available in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-171 (5th Cir. 2000) (citing *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Ignorance of the law is not a circumstance warranting application of equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).[3] The "exercise of due diligence" is an express requirement set out in § 2244(d)(1)(D). As set out above, there was a decided lack of due diligence on Simpson's part in discovering how his jail time in 2003 was being treated by the prison authorities. As the Fifth Circuit noted in *Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996): "The fact that [the petitioner] was not interested in implementing a challenge until after he had committed more crimes is not an objective, external factor that impeded his ability to [timely] raise these claims ..." Therefore, equitable tolling should not be applied in the present petition.[4]

**RECOMMENDATION**:

For the foregoing reasons it is recommended that Respondent's motion to dismiss be granted

---

[3] It is to be noted that Petitioner had significant knowledge regarding issues involving computation of time to be credited against his sentence as evidenced by his previous art. 11.07 application which was denied on October 21, 1998. WR-39,174-01.

[4] His initial dispute was not rejected until October 10, 2005. An inmate must exhaust administrative remedies for computation of sentence credits as a condition to filing a habeas application. *Ex Parte Russell*, 60 S.W.3d 875 (Tex.Crim.App. 2001). However, if an inmate has not received an administrative decision within 180 days of his filed dispute he may proceed with a habeas application. *See* Tex. Govt. Code § 501.0081(b)(2). Therefore, he could have filed his art. 11.07 application on or after September 11, 2005. Instead he filed a second computation dispute on September 30, 2005, which was not administratively determined until April 6, 2006. Simpson argues that since his second dispute was filed prior to rejection of his initial dispute, the tolling of the one year period continued until April 6th. But since the limitation period had expired prior to March 15, 2005, this issue need not be decided.

and that the petition be dismissed, the same being barred by limitations.

A copy of this recommendation shall be transmitted to Petitioner and counsel for the Respondent.

SIGNED this 30th day of October, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.